EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Martín González Vázquez | 2013 TSPR 131 <br><br> 189 DPR ____ |

Número del Caso:          AB-2013-118
                          AB-2013-119
                          AB-2013-120
                          AB-2013-332
                          AB-2013-333


Fecha: 14 de noviembre de 2013


Oficina del Procurador General:

          Lcda. Karla Z. Pacheco Álvarez
          Subprocuradora General

          Lcda. Claudia A. Rosa Ramos
          Procuradora General Auxiliar


Materia: Conducta Profesional


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Martín González Vázquez

AB-2013-118
AB-2013-119
AB-2013-120
AB-2013-332
AB-2013-333

RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de noviembre de 2013.

El Sr. Wilkins Román Samot incoó contra el Lcdo. Martín González Vázquez las quejas AB-2013-118, AB-2013-119; AB-2013-120; AB-2013-332 y AB-2013-333 ante este Tribunal.

**Quejas AB-2013-118 y AB-2013-120**

El 20 de febrero de 2013, el Sr. Wilkins Román Samot presentó las Quejas Núm. AB-2013-118 y AB-2013-120 contra el Lcdo. Martín González Vázquez. En la primera, señaló que en un escrito con fecha de 8 de febrero de 2013, el letrado falsamente y para su perjuicio expresó que el quejoso "posee estudios doctorales en Derecho…, la realidad es que este señor solo posee un *J.D.* de dicha universidad que no es un grado a nivel doctoral (PhD)". Asimismo, en la segunda queja señaló que en otro documento suscrito por el licenciado González Vázquez el 25 de enero de 2013 "indicó que era un hecho falso que el aquí declarante posee un grado de J.D. … que no es 'un grado de Derecho a nivel de doctorado de esa universidad'".

**Queja AB-2013-119**

El 20 de febrero de 2013, el señor Román Samot presentó una tercera queja contra el licenciado González Vázquez. En lo pertinente, el quejoso nos señaló:

> 6. Que el 8 de febrero de 2013 el aquí denunciado González Vázquez con el ánimo de amenazarme tanto a mi persona con [sic] a

> dos testigos de sus actos anti-éticos y delictivos (AB2012-456) envió una carta al Fiscal de Distrito de Ponce, Francisco Sánchez Rodríguez....
>
> ...
>
> 12. Que en su carta al Fiscal de Distrito de Ponce, el denunciado González Vázquez aduce que el aquí denunciado no tiene legitimación activa para denunciarlo por derecho propio y conocimiento personal de los actos anti-éticos y delictivos denunciados contra el denunciado González Vázquez en el caso AB2012-456, interfiriendo o promoviendo así que terceros intervengan con un caso bajo la consideración de esta Noble Curia.
>
> 13. Que en su carta al Fiscal de Distrito de Ponce, el denunciado González Vázquez me imputa tener un título de abogado cuando el que sí tengo es de Doctor en Derecho y ejercer la abogacía por denunciarlo por derecho propio y por demandar a terceros por derecho propio o ser el representante autorizado del Instituto de Antropología del Derecho, Inc., de conformidad a *In Re: Andréu Ramírez*, 1999 T.S.P.R. 188.

**Queja AB-2013-332**

Posteriormente, el 12 de agosto de 2013 el señor Román Samot presentó otra queja contra el licenciado González Vázquez. Indicó que en un escrito suscrito por el letrado el 5 de agosto de 2013 este hizo unas declaraciones falsas en su perjuicio. En lo pertinente, expresó:

> 4. Que el denunciado González Vázquez ha indicado en su escrito, entre otras falsedades, que los Requerimientos de Admisiones publicados por el Instituto de Antropología del Derecho, Inc., se han hecho "pasar por documentos oficiales de este Tribunal".
>
> ...
>
> 8. Que el aquí denunciado González Vázquez conoce que el Instituto de Antropología del Derecho, Inc., ha de publicar pero no ha publicado los Requerimientos de Admisiones cursados a éste, por el suscribiente, luego de haberle dado la oportunidad de admitir o negar, teniéndose al momento de su publicación por admitidos dado que

nunca negó las admisiones requeridas dentro del término dado.[1]

**Queja AB-2013-333**

El 12 de agosto de 2013, el señor Román Samot también presentó otra queja contra el licenciado González Vázquez. Esta vez arguyó que el letrado lo amenazó en un escrito que este presentara ante el Tribunal con relación a la Queja Núm. AB-2012-456. Esto, a pesar de que la Queja Núm. AB-2012-456 fue presentada por el señor Román Samot contra el licenciado González Vázquez y fue desestimada el 2 de agosto de 2013.

En cada una de las quejas el señor Román Samot solicitó a este Tribunal el desaforo del licenciado González Vázquez y que "1) ordene su arresto; 2) emita orden de búsqueda y captura; 3) y emita orden cautelar prohibiendo su salida del territorio constitucional del Estado Libre Asociado de Puerto Rico".

Por su parte, el licenciado González Vázquez nos expresó que todas las quejas son parte del acoso que el quejoso ha desatado en su contra con el propósito de amedrentarlo desde que asumió la representación de dos clientes. Además, reafirmó lo expresado en los escritos en controversia, pero aclaró que no es correcto que haya amenazado al quejoso. Sostiene su comunicación al Fiscal de Distrito de Ponce como parte de su deber de denunciar y alertar a las autoridades ante la posible comisión de un delito y del ejercicio ilegal de la profesión.

En el *Informe de la Procuradora General* con relación a la Queja Núm. AB-2013-333, la Procuradora General recomendó la desestimación y archivo de esta por no existir prueba clara, robusta y convincente para comenzar un procedimiento disciplinario. La Procuradora General reconoció que las expresiones del licenciado González Vázquez se dieron en el contexto de una comunicación de la Subsecretaria del Tribunal Supremo dirigida al licenciado González Vázquez que le informaba que las alegaciones de acoso cibernético y judicial estaban fuera del ámbito disciplinario del Tribunal.[2] Además, expresó su preocupación de que el señor

---

[1] El Sr. Wilkins Román Samot presentó ante este Tribunal la Queja Núm. AB-2012-456 contra el Lcdo. Martín González Vázquez. Esta queja fue desestimada y archivada mediante Resolución de 2 de agosto de 2013. En esa Resolución apercibimos al quejoso de que no debe emitir requerimientos de admisiones ni de información dentro de procedimientos disciplinarios pues no está autorizado para ello.

[2] Las expresiones del licenciado González Vázquez fueron las siguientes:

Román Samot estuviera abusando de los procedimientos cuando a su vez existe un procedimiento ante el Tribunal de Primera Instancia mostrando una impresión de presión indebida a las partes y funcionarios involucrados. <u>La Procuradora General advirtió que los actos del señor Román Samot afectan el curso ordinario de los procedimientos e inciden en el poder investigativo de su oficina.</u>

Examinado el Informe de la Procuradora General y la Réplica a Informe de la Procuradora General, así como las comunicaciones presentadas por ambas partes en cada queja, se ordena la consolidación de las quejas de epígrafe, así como la desestimación y archivo de todas estas.

Se impone al señor Román Samot una sanción de mil dólares ($1,000) por cada una de las cinco quejas frívolas presentadas contra el licenciado González Vázquez, para un total de cinco mil dólares ($5,000), a ser pagados en sellos de rentas internas en la Secretaría de este Tribunal dentro del término de quince (15) días, contados a partir de la notificación de esta Resolución.[3] La Regla 49 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, autoriza a este Tribunal a imponer sanciones económicas y otras medidas que estime pertinentes y necesarias cuando determina que un recurso o moción ante su consideración es frívolo. La presentación de quejas frívolas utiliza los recursos de este Tribunal y de la Oficina del Procurador General de manera innecesaria. Además, consumen el tiempo y la paz del abogado involucrado. Por lo tanto, este Tribunal no tolera este tipo de conducta.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto Particular Disidente.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

---

"Habiéndose informado que está fuera del ámbito de este Foro la protección de la honra y reputación del suscribiente ante el acoso ilegal a que nos somete Román Samot, informamos con todo respeto a este Honorable Tribunal que nos vemos forzados a defendernos de los mismos y recurrir a la autodefensa".

[3] No es la primera ocasión en la que le hemos impuesto una sanción al Sr. Wilkins Román Samot. Mediante Resolución de 16 de septiembre de 2013 este Tribunal unánimemente le impuso una sanción de mil dólares ($1,000) por su continua presentación de quejas totalmente frívolas. En la Queja Núm. AB-2013-121, presentada por el quejoso contra otro letrado, el quejoso había presentado la misma queja que había sido desestimada y archivada previamente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | |
|---|---|
| In re:<br><br>Martín González Vázquez | AB-2013-118<br>AB-2013-119<br>AB-2013-120<br>AB-2013-332<br>AB-2013-333 |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 14 de noviembre de 2013

Disiento del curso seguido por una mayoría de este Tribunal por entender que imponer una multa de $1,000 por cada querella desestimada, además de excesivo, equivale a imponerle al señor Román Samot una segunda penalidad "por [la] continua presentación ante este Tribunal de quejas totalmente frívolas", conducta que precisamente sancionamos el 16 de septiembre de 2013 mediante Resolución. Resolución del Tribunal Supremo de 16 de septiembre de 2013, pág. 1.

I

El señor Román Samot presentó cinco quejas en contra del licenciado González Vázquez. Tres de ellas, las quejas AB-2013-118, AB-2013-119 y AB-2013-120, fueron presentadas el 20 de febrero de 2013. Las otras dos quejas, las quejas AB-2013-332 y AB-2013-333, fueron presentadas el 12 de agosto de 2013.

El 24 de septiembre de 2013 la Procuradora General de Puerto Rico presentó un informe con relación a la queja AB-2013-333. El informe recomendó el archivo y desestimación de la queja por entender que no existe prueba clara, robusta y convincente para iniciar un procedimiento disciplinario en contra del licenciado González Vázquez. A su vez, la Procuradora expresó su preocupación ante el patrón de abuso de los procedimientos disciplinarios por parte del señor Román Samot, quien ha presentado cerca de treinta y siete (37) quejas en contra de abogados y abogadas, la mayoría de ellas por pleitos en los cuales el señor Román Samot no figura como parte.[4] En la mayoría de los informes en los que se han atendido las quejas presentadas por el señor Román Samot, la Oficina de la Procuradora General ha encontrado que el señor Román Samot carece de legitimación activa para presentar las quejas. En el informe en que la Procuradora atiende la queja AB-2013-333, reitera que el señor Román Samot ha abusado de los procedimientos disciplinarios, afectando el curso ordinario de los procedimientos y propiciando el uso innecesario de los escasos recursos de la Oficina de la Procuradora General.

Recientemente atendimos la queja AB-2013-121, presentada el 4 de marzo de 2013 por el señor Román Samot en contra del licenciado James J. Vélez. El 2 de agosto de 2013 recibimos el Informe de la Procuradora recomendando la desestimación y archivo de la queja por no contar con prueba clara, robusta y convincente de que se cometieron las faltas alegadas. La Procuradora notificó el Informe al señor Román Samot, quien el 12 de agosto de 2013, *antes de que le solicitáramos que se expresara sobre el informe y el*

_____

[4] Informe Preliminar de la Oficina de la Procuradora General al Honorable Tribunal, 2 de agosto de 2013, pág. 8.

*mismo día que presentó las quejas AB-2013-332 y AB-2013-333*, presentó una réplica al Informe de la Procuradora. El 19 de agosto de 2013 le concedimos veinte (20) días al señor Román Samot para que se expresara. Luego de recibir su respuesta,[5] el 16 de septiembre de 2013 emitimos una Resolución ordenando la desestimación y el archivo de la queja contra el licenciado James J. Vélez, por entender que el señor Wilkins Samot repitió los hechos de una queja que había presentado y sobre la cual ordenamos su desestimación y archivo.[6] En la Resolución del 16 de septiembre de 2013 también le impusimos una sanción de $1,000 "por su continua presentación ante este Tribunal de quejas totalmente frívolas", a ser cumplida dentro del término de quince días. Resolución del Tribunal Supremo de 16 de septiembre de 2013, pág. 1.

Ante el incumplimiento del señor Román Samot, el 16 de octubre de 2013 le concedimos un término final de diez (10) días para que cumpla con nuestra orden del 16 de septiembre de 2013. Además, lo apercibimos que de no cumplir con esta Resolución se iniciaría un procedimiento de desacato en su contra.

II

Según se desprende del Informe de la Procuradora General y de las propias quejas presentadas por el señor Román Samot, éste ha incurrido en un patrón de abuso de los mecanismos disciplinarios, presentando quejas frívolas en varias ocasiones. Las cinco quejas que se encuentran ante nuestra consideración no son la excepción a dicho comportamiento. Por lo tanto, coincido con una mayoría de este Tribunal en que procede desestimar y ordenar el archivo de estas cinco quejas.

---

[5] El 9 de septiembre de 2013.
[6] La queja AB-2012-486.

No obstante a la conducta reprochable del señor Román Samot, mediante la Resolución que emitimos el 16 de septiembre de 2013 le impusimos al señor Román Samot una sanción de $1,000 por la continua presentación de quejas frívolas y el abuso de los procedimientos disciplinarios. Para esa fecha, el 16 de septiembre de 2013, el señor Román Samot *ya había presentado las cinco quejas* que hoy desestimamos. Es decir, la sanción impuesta en la Resolución contemplaba la conducta desplegada en las cinco quejas que hoy desestimamos y por la que una mayoría de este Tribunal expone al señor Román Samot a una segunda sanción, esta vez por la suma excesiva de $5,000, quebrantando así las exigencias mínimas de la justicia.

## III

Por todo lo anterior, ordenaría la desestimación y archivo de las cinco quejas ante nuestra consideración y dejaría correr el trámite que iniciamos con la sanción que le impusimos al señor Román Samot mediante nuestra Resolución del 16 de septiembre de 2013.


Anabelle Rodríguez Rodríguez
Juez Asociada